UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DOUGLAS R. DIMOS, | ) |
| *Petitioner* | ) ) ) |
| vs. | ) CAUSE NO. 3:13-CV-29 RLM ) (Arising out of 3:11-CR-80 RM) |
| UNITED STATES OF AMERICA, | ) ) |
| *Respondent* | ) ) |

## OPINION and ORDER

Douglas Dimos pleaded guilty to the charge of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) and was sentenced to a term of 51 months' imprisonment. Mr. Dimos is now before the court asking that his sentence be vacated, set aside, or corrected under 28 U.S.C. § 2255.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Review of the record in this case shows that Mr. Dimos' motion can be resolved without a hearing. *See* Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001); Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995).

Mr. Dimos' plea agreement reveals that he gave up his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding. The plea agreement was signed by Mr. Dimos, his attorney H. Jay Stevens, and Assistant United States Attorney Donald J. Schmid and contained the following language in paragraph 9:

> (d) I understand that the offense to which I am pleading guilty falls under then Sentencing Guidelines promulgated by the United States Sentencing Commission under Title 28, United States Code, Section 994. I am aware that my sentence will be determined in accordance with the statutory maximums listed above, the United States Sentencing Guidelines, and this plea agreement. I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With that understanding, I expressly waive my right to appeal my conviction, my sentence and any restitution order to any Court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any restitution order imposed, or the manner in which my conviction, the sentence or the restitution order was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255;

In paragraphs 11 and 10, Mr. Dimos stated that he believed his attorney "had done all that anyone could do to counsel and assist [him]," that he offered his plea "freely and voluntarily and of my own accord, and that "no promises ha[d] been made to [him] other than those contained in [the plea agreement], nor ha[d] [he] been threatened in any way by anyone to cause [him] to plead guilty."

Despite the waivers and admissions in the plea agreement, Mr. Dimos is now before the court seeking post-conviction relief with respect to his sentence.

He contends that: the four level enhancement under 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense (aggravated assault) was based on false information; he wouldn't have signed the plea agreement but for counsel's representation that the enhancement wouldn't apply; his attorney withdrew the objection to the presentence report on January 6, 2012 without his knowledge or permission and should have filed a motion to suppress the firearm; and the presentence investigation report contained false information about his criminal history.

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005), when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the waiver, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000), or when the sentence is greater than the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005). Mr. Dimos hasn't made any of those arguments. He simply disagrees with the sentence imposed and the manner in which it was determined. But Mr. Dimos knowingly and voluntarily waived the right to do so in his plea agreement.

Mr. Dimos stated at his change of plea hearing that he had read and understood the terms of the plea agreement, that he had discussed the plea

3

agreement with his counsel before the plea hearing, that he understood he was giving up his right to appeal or otherwise challenge his sentence, and that he was satisfied with the representation his counsel had provided. Mr. Dimos also stated under oath that no one had threatened or forced him to plead guilty, or had made any promises, other than those contained in the plea agreement, as to what his sentence would be.

Mr. Dimos' sworn statements at the change of plea hearing are presumed to be truthful, Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000), and the record supports a finding that his guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The plea agreement clearly and unambiguously sets forth the waiver of Mr. Dimos's right to appeal and to file a § 2255 petition, the waiver was explained to him during the plea colloquy, and he acknowledged that he understood. Because Mr. Dimos's plea was informed and voluntary, the waiver of his right to appeal or to file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

Mr. Dimos's post-sentence assertion that he wouldn't have signed the plea agreement but for counsel's representation that the four-level enhancement under U.S.S.G § 2K2.1(b)(6)(B) wouldn't apply is inconsistent with the verified statements he made in his plea agreement and during the plea hearing, and with

4

the relief requested in his petition.[1] Mr. Dimos was repeatedly advised that the court, not the attorneys, would determine the sentence, and that he was waiving his right to challenge the court's determination by pleading guilty to the charge. He did so knowingly and voluntarily.

The court of appeals dismissed Mr. Dimos's appeal based on that waiver, and made a note that Mr. Dimos "ha[d] informed counsel that he does not wish to challenge his guilty plea." [Doc. No. 52-1]. The same is true with respect to Mr. Dimos's § 2255 petition. He doesn't challenge his conviction or seek a new trial. He simply wants a lower sentence (one that gives him credit for acceptance of responsibility under the terms of the plea, but disallows the enhancement under U.S.S.G. § 2K2.1(b)(6)(B)).

Accordingly, Mr. Dimos' motion to vacate, set aside, or correct his sentence under 28 U.S.C. 2255 [Doc. No. 53 in Cause No. 3:11-CR-80 RM] is DISMISSED.

SO ORDERED.

ENTERED:   April 4, 2014   

/s/ Robert L. Miller, Jr.
Judge
United States District Court

---

[1] In his request for relief, Mr. Dimos states: "I would like the 4 level enha[n]cement removed and to be resentenced properly. Criminal History of 6–Offense level of 17 mid point or lower, 33 months or less. And to have my voluntary surrender granted." [Doc. No. 53 at p. 12].